UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON WILLIAMS,<br><br>      Petitioner,<br><br>    v.<br><br>PAUL COPENHAVER, Warden,<br><br>      Respondent. | Case No.: 1:15-cv-00025-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER REQUIRING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO CASE |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**PROCEDURAL HISTORY**

Petitioner filed the instant federal petition on January 7, 2015, challenging his December 4, 2011 conviction in the United States District Court for the District of Nebraska. (Doc. 1, p. 5). Petitioner candidly acknowledges that he has never presented to the sentencing court a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. (Doc. 1, p. 6).

Because the Court has determined that Petitioner's claim challenges his original sentence, and therefore should have been brought in the trial court as a motion pursuant to 28 U.S.C. § 2255, the Court will recommend that the instant petition be dismissed.

///

1

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. <u>Hernandez v. Campbell</u>, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.1988); <u>Thompson v. Smith</u>, 719 F.2d 938, 940 (8th Cir.1983); <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3rd 1997); <u>Broussard v. Lippman</u>, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. <u>Tripati</u>, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. <u>Grady v. United States</u>, 929 F.2d 468, 470 (9th Cir.1991); <u>Tripati</u>, 843 F.2d at 1162; <u>see also</u> <u>United States v. Flores</u>, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. <u>Capaldi v. Pontesso</u>, 135 F.3d 1122, 1123 (6th Cir. 1998); <u>United States v. Tubwell</u>, 37 F.3d 175, 177 (5th Cir. 1994); <u>United States v. Jalili</u>, 925 F.2d 889, 893-94 (6th Cir. 1991); <u>Kingsley v. Bureau of Prisons</u>, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); <u>Barden v. Keohane</u>, 921 F.2d 476, 478-79 (3rd Cir. 1991); <u>United States v. Hutchings</u>, 835 F.2d 185, 186-87 (8th Cir. 1987); <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner alleges that his conviction was illegal because, during the direct appeal from his conviction, he was denied representation by counsel after his former appellate counsel was permitted to withdraw due to a conflict of interest and the Eighth Circuit refused to appoint new counsel. However, Petitioner's contentions notwithstanding, the proper vehicle for challenging such an alleged error is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, not a habeas corpus petition. Nevertheless, a federal prisoner authorized to seek relief under § 2255 *may* seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864-5 (9th Cir.2000); <u>United States v. Pirro</u>, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255). The Ninth Circuit has recognized that this is a very narrow exception. <u>Id</u>; <u>Ivy v. Pontesso</u>, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255

is inadequate or ineffective); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003), the Ninth Circuit held that the remedy under a § 2255 motion would be "inadequate or ineffective" if a petitioner is actually innocent, but procedurally barred from filing a second or successive motion under § 2255. Ivy, 328 F.3d at 1060-1061. That is, relief pursuant to § 2241 is available when the petitioner's claim satisfies the following two-pronged test: "(1) [the petitioner is] factually innocent of the crime for which he has been convicted and, (2) [the petitioner] has never had an 'unobstructed procedural shot' at presenting this claim." Id. at 1060.

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008), cert. denied __ U.S. __, 129 S.Ct. 254 (2008). "In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Id., citing Ivy, 328 F.3d at 1060-61.

Ivy is dispositive of Petitioner's contention. In that case, petitioner, who was convicted in 1993 in Missouri district court of engaging in a continuing criminal enterprise, contended in a habeas corpus petition filed pursuant to § 2241 in the District of Arizona, where he was confined, that he was actually innocent because the indictment did not charge him with the requisite three offenses to sustain a conviction for a continuing criminal enterprise. Ivy, 328 F.3d at 1058. After an unsuccessful appeal, Ivy filed motions pursuant to § 2255 in 1995, 1997, and 1999. Id. The original motion was denied on

its merits, while the second and third motions were denied as second and successive motions. Id. In 2000, Ivy filed his federal habeas petition in the Arizona district court. Id. The district court, however, dismissed the petition because Ivy had not shown that § 2255 was either inadequate or ineffective. Id.

In affirming the district court's dismissal, the Ninth Circuit employed the two-part test discussed above, i.e., that petitioner must show he is factually innocent of the crime for which he had been convicted and that he has never had an "unobstructed procedural shot" at presenting this claim. Id. at 1059. In explaining that standard, the Ninth Circuit stated:

> In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under 2255. He *must never have had* the opportunity to raise it by motion.

Id. at 1060 (emphasis supplied). Applying that standard, the Ninth Circuit rejected Ivy's claims, holding that the law regarding continuing criminal enterprises had not changed subsequent to his conviction and that he had indeed had an opportunity to raise such a claim in the past. Id. at 1061.

The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). This Petitioner has failed to do. As in Ivy, Petitioner cannot establish any relevant intervening change in the law since his conviction that would trigger the savings clause, nor has he established that he could not have raised this claim in a properly filed and timely motion pursuant to § 2255.

In answering why § 2255 is inadequate or ineffective, Petitioner contends that he has not filed a § 2255 petition in the sentencing court because § 2255 would be ineffective to test the illegality of his detention "when it is alleged that the appellate court abused its discretion and/or committed error in denying Petitioner his Sixth Amendment right to counsel. Unlike the district court [of the District of Nebraska], this Court would owe no deference to the appellate court's unreasonable application of federal law that is contrary to Supreme Court authority." (Doc. 1, p. 19).

In essence, Petitioner is asking this Court to ignore his failure to file a § 2255 petition in the sentencing court when he had every opportunity to do so, to presume that the District of Nebraska would deny any § 2255 petition that Petitioner might have filed because that court would be bound by Eighth Circuit construction of federal law that Petitioner is not entitled to representation under the circumstances set forth in the petition, and to apply instead the Ninth Circuit's interpretation of the

same federal law addressed by the Eighth Circuit in denying the appointment of counsel. The Court declines Petitioner's invitation to second-guess either the District of Nebraska or the Eighth Circuit.

As mentioned, the point of the aforementioned case law regarding whether § 2255 is inadequate or ineffective is to ensure that Petitioner has at least one "unobstructed procedural shot" at raising his issues before the trial court in the first instance. He clearly had such an opportunity and has admitted as much. (Doc. 1, p. 6). To adopt Petitioner's approach in this case would be to ignore § 2255 entirely as well as the case law interpreting it, to speculate that Petitioner would necessarily lose any § 2255 petition brought in either the trial court or subsequently in the Eighth Circuit, and to review de novo the legal question of whether the Eighth Circuit was correct in its interpretation of federal law by employing the Ninth Circuit's interpretation of that same federal law, thus effectively inserting the Ninth Circuit's view rather than that of the federal district in which Petitioner was convicted.

That, however, is not the proper habeas function for this Court. This Court's **only** role is to determine whether Petitioner had that <u>one unobstructed procedural shot</u> at raising his claim in the sentencing court. It is without question that he did have such an opportunity, but failed to take advantage of that opportunity within the time prescribed for bringing § 2255 motions. That being the case, the petition must be dismissed. This Court will not engage in speculation, prognostication, or guessing as to whether or not Petitioner <u>would</u> or <u>could</u> have obtained relief in the sentencing court vis-à-vis this issue had he taken advantage of the legal avenues available to him pursuant to § 2255.

Accordingly, he has failed to establish that § 2255 is either inadequate or ineffective for purposes of invoking the savings clause, and the fact that he may now be procedurally time-barred by the AEDPA from obtaining relief does not alter that conclusion. <u>Ivy</u>, 328 F.3d 1059-1061 (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); <u>Aronson v. May</u>, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); <u>Lorentsen v. Hood</u>, 223 F.3d 950, 953 (9th Cir. 2000) (same); <u>Tripati</u>, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); <u>Williams v. Heritage</u>, 250 F.2d 390 (9th Cir.1957); <u>Hildebrandt v. Swope</u>, 229 F.2d 582 (9th Cir.1956); <u>see United States v. Valdez-Pacheco</u>, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).

Moreover, Petitioner has failed to show he is actually innocent of the charges against him. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604 (1998)(*quoting* Schlup v. Delo, 513 U.S. 298, 327-328, 115 S.Ct. 851 (1995)); Stephens v. Herrera, 464 F.3d 895, 898 (9th cir. 2008). "[A]ctual innocence means factual innocence, not mere legal insufficiency," and "in cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Bousley, 523 U.S. at 623-624. However, a petitioner's obligation to demonstrate actual innocence is limited to crimes actually charged or consciously forgone by the Government in the course of plea bargaining. See, e.g., id. at 624 (rejecting government's argument that defendant had to demonstrate actual innocence of both "using" and "carrying" a firearm where the indictment only charged using a firearm).

Although the United States Supreme Court has not provided much guidance regarding the nature of an "actual innocence" claim, the standards announced by the various circuit courts contain two basic features: actual innocence and retroactivity. E.g., Reyes-Requena v. United States, 243 F.3d 893, 903 (5th Cir. 2001); In re Jones, 226 F.3d 328 (4th Cir. 2000); In re Davenport, 147 F.3d 605 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

The "core idea" expressed in these cases is that the petitioner may have been imprisoned for conduct that was not prohibited by law. Reyes-Requena, 243 F.3d at 903. Such a situation is most likely to occur in a case that relies on a Supreme Court decision interpreting the reach of a federal statute, where that decision is announced after the petitioner has already filed a § 2255 motion. This is so because a second or successive § 2255 motion is available only when newly discovered evidence is shown or a "new rule of *constitutional* law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. (emphasis supplied). Because § 2255 limits a second or successive petition to Supreme Court cases announcing a new rule of constitutional law, it provides no avenue through which a petitioner could rely on an intervening Court decision based on the substantive reach of a federal statute under which he has been convicted. Id.; see Lorentsen, 223

F.3d at 953 ("Congress has determined that second or successive [§ 2255] motions may not contain statutory claims."); Sustache-Rivera v. United States, 221 F.3d 8, 16 (1st Cir. 2000) ("The savings clause has most often been used as a vehicle to present an argument that, under a Supreme Court decision overruling the circuit courts as to the meaning of a statute, a prisoner is not guilty…The savings clause has to be resorted to for [statutory claims] because Congress restricted second or successive petitions to constitutional claims."). Obviously, "decisions of [the Supreme Court] holding that a substantive federal criminal statute does not reach certain conduct…necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'" Bousley, 523 U.S. at 620. To incarcerate one whose conduct is not criminal "inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298 (1974).

Petitioner, however, has neither alleged nor established actual innocence. Accordingly, neither prong of the § 2255 "savings clause" has been met. Thus, this § 2255 motion must be heard in the sentencing court. 28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-865. Because this Court is only the custodial court and construes the petition as a § 2255 motion, this Court lacks jurisdiction over the petition. Hernandez, 204 F.3d at 864-865. In sum, should Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]

**ORDER**

For the foregoing reasons, the Court HEREBY DIRECTS the Clerk of the Court to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 21

---

[1] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*. In this case, Petitioner challenges a sentence adjudicated in the United States District Court for the District of Nebraska. Thus, that court is the proper venue for filing a petition for writ of habeas corpus pursuant to § 2255.

days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within 10 days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 14, 2015**              **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE